United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-41031
Summary Calendar

———————————

RONALD W. BUNTON,

Plaintiff-Appellant,

versus

MONROE KREUZER, JR., Sheriff; BONNIE LNU, Jailor; FNU MARTINEZ,
Jailor; BARBARA LNU, Jailor; TAMMY LNU, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-CV-598
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald W. Bunton, Texas inmate # 620942, appeals the
district court's summary judgment for Defendant Kreuzer based on
qualified immunity in his pro se civil rights action, filed
pursuant to 42 U.S.C. § 1983. Bunton alleged that Kreuzer's
budget constraints resulted in a policy of hiring inadequate
medical staff at the Chambers County Jail where Bunton was
incarcerated as a pretrial detainee. Kreuzer's summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence showed that officials at the jail gave Bunton medication that was prescribed for him and otherwise tended to his medical needs.  Bunton has failed to show that Kreuzer was "deliberately indifferent" in failing to hire adequate medical personnel or that the purported inadequate hiring caused Bunton's injury.  See Conner v. Travis County, 209 F.3d 794, 796 (5th Cir. 2000). After reviewing the record, we conclude that the district court did not err in granting summary judgment for Kreuzer on this claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  Judgment for Kreuzer on this claim is AFFIRMED.

Kreuzer, however, produced no summary judgment evidence to refute Bunton's claim that his placement in solitary confinement, as a pretrial detainee, violated his constitutional rights. Absent evidence to refute this claim, Kreuzer failed to meet his burden of showing the absence of a genuine issue of material fact regarding this claim.  See Little, 37 F.3d at 1075. Consequently, the district court erred when it granted summary judgment on this claim.  Judgment for Kreuzer on this claim is VACATED and the case is REMANDED for further proceedings consistent with this opinion.  We express no view on the ultimate merits of the claim.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.